UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CARMEN PEREZ,

                              Plaintiff,

          -against-

                                                           Docket No.: 06 CV 0873 (BSJ) (GWG)

IDALIA RIOS, ALFONSO NAZARIO, DANIEL
ANTHONY STERLING and JOHN DOE, name being
used as fictitious since identity of the owner is unknown,

                              Defendants.

------------------------------------------------------------------X

**MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

**BEN LYHOVSKY, ESQ.**
Attorney for Plaintiff
CARMEN PEREZ
2626 East 14th Street, Suite 105
Brooklyn, NY 11235
(718) 743-6900

## STATEMENT OF FACTS

This is an action for money damages arising out of serious personal injuries suffered by Plaintiff Carmen Perez as a result of an automobile accident on June 25, 2002.

The accident occurred when the vehicle operated by Defendant Alfonso Nazario and occupied by Plaintiff Carmen Perez collided with the vehicle being operated by Defendant Daniel Sterling.

Following the accident Plaintiff was taken to Albert Einstein Hospital where she was treated and released. She then came under the care of Dr. Riaz who after examining her started her on a course of physical therapy and chiropractic treatment.

Dr. Riaz also prescribed MRIs of her left shoulder, cervical and lumbar spines. The MRIs taken on July 15, 2002 and July 30, 2002 revealed that Ms. Perez sustained moderate size herniated disc at C6-C7 level with compromise of the anterior subarachnoid space and ventral bulge at C5-C6, left shoulder joint effusion and swelling of acromioclavicular joint and inferior bulging of the joint capsule causing pressure effect on the supraspinatus muscle and tendon and lumbar spine moderated size central disc herniation at L3-L4 level with posterior displacement of the thecal sac.

Dr. Riaz also prescribed an EMG study that was performed on July 16, 2002 and revealed bilateral L5 radiculopathy.

Dr. Riaz also referred Ms. Perez to an Orthopedic Surgeon, Dr. Laxmidhar Diwan, who after examining her proposed Diagnostic and Operative Arthroscopy of the left shoulder. Plaintiff opted not to have this surgery at that time.

Ms. Carmen Perez was discharged by Dr. Riaz after four months of therapy when he determined that she reached maximum benefit from the therapy.

She was re-examined by Dr. Riaz on April 18, 2007, who conducted objective range of motion testing of left shoulder, cervical and lumbar spines. The testing of cervical spine revealed a **23%** overall marked loss of motion. Testing of lumbar spine with a **26%** overall marked loss of motion. Testing of left shoulder revealed a **29%** overall marked loss of motion. Dr. Riaz also observed tenderness and muscle spasms.

In addition, she was also re-examined by Dr. Laxmidhar Diwan on November 13, 2006. Dr. Diwan's testing found **59%** overall marked loss of motion in the cervical spine **47%** overall marked loss of motion in the lumbosacral spine and **37%** overall marked loss of motion in the left shoulder. Straight leg raise test was positive. Impingement sign was positive. Dr. Diwan also reported tenderness and muscle spasms.

Both Dr. Riaz and Dr. Diwan concluded that these injuries and conditions to be permanent in nature and causally related to the June 25, 2002 collision.

Finally, Ms. Perez at her deposition on June 26, 2006 continued to complain of pain in her left shoulder, neck and lower back.

## POINT I

## DEFENDANT FAILED TO SUSTAIN HIS INITIAL BURDEN WARRANTING A DENIAL OF SUMMARY JUDGMENT MOTION.

While the plaintiff has the burden of proof at trial of establishing a prima facie case of "serious injury", the defendant has the burden on a motion for summary judgment to make a showing that plaintiff has not sustained a serious injury as a matter of law.

The Second Department long held that where defendant fails to make a prima facie showing that plaintiff did not sustain a serious injury within the meaning of Insurance Law §5102(d) the burden never shifts to the plaintiff to raise a triable issue of fact. See, Trantel v. Rothenberg, 286 A.D.2d 325, 729 N.Y.S.2d 158 (2nd Dept. 2001.)

Both defense experts, Dr. Anthony Spataro and Dr. Charles Bagley in their reports stated that prior to examinations they received records from Dr. Riaz, Dr. Khodadadi, Dr. Diwan and plaintiff's verified Bill of Particulars, but did not mention the findings of the MRI of the plaintiff's left shoulder and cervical and lumbar spines eventhough all documents state that plaintiff sustained a disc herniation at C6-C7, bulge at C5-C6 level, disc herniations at L3-L4 level, bilateral L5 radiculopathy and left shoulder joint effusion and swelling of acromioclavicular joint and inferior bulging of the joint capsule causing pressure effect on the supraspinatus muscle and tendon. Thus, both Dr. Spataro and Dr. Bagley in their reports did not demonstrate that plaintiff's injury was not causally related to the subject motor vehicle accident, or that it was not serious with the meaning of the law.

In Taylor v. Ellis, 5 A.D.3d 471, 772 N.Y.S.2d 570 (2nd Dept. 2004), the court held that where defendant's examining physicians failed to demonstrate that plaintiff's bulges and herniations were not causally related to the accident or that the injuries did not result in any

"serious injury", the defendant's initial burden is not met. See also, Diouguardi v. Weiner, 288 A.D.2d 253, 733 N.Y.S.2d 116 (2nd Dept. 2001); Zavala v. DeSantis, 1 A.D.3d 354, 766 N.Y.S.2d 598 (2nd Dept. 2003.)

Thus, under these circumstances the burden should not shift to the plaintiff to raise a triable issue of fact and the Court need not consider the sufficiency of the plaintiff's opposition. See, Kennedy v. Brown, 23 A.D.3d 625, 805 N.Y.S.2d 408 (2nd Dept. 2005.)

## POINT II

### PLAINTIFF'S MEDICAL PROOF IS SUFFICIENT TO RAISE A TRIABLE ISSUE OF FACT.

The law regarding threshold is clear. In cases where a plaintiff sustained a herniated disc courts have denied motions for summary judgment. In West v. Rivera, 286 A.D.2d 327, 728 N.Y.S.2d 789 (2nd Dept 2001), defendant's motion to dismiss for lack of a "serious injury" was denied when plaintiff sustained a disc herniations at L5-S1. See also Waziri v. Small, 276 A.D.2d 480, 713 N.Y.S.2d 702 (2nd Dept 2000.)

In order to successfully oppose a motion for summary judgment, a plaintiff must set forth medical evidence based on objective medical testing and diagnostic testing which supports the claim of the injuries alleged. Calcagno v. New York City Transit Auth., 273 A.D.2d 334; 710 N.Y.S.2d 824 (2nd Dept. 2000.) In addition, evidence as to the trauma of the accident being the direct and proximate cause of the injuries must also be introduced.

In the instant case, according to Dr. Khodadadi's MRI reports, plaintiff sustained a disc herniation at C6-C7, bulge at C5-C6 level, disc herniations at L3-L4 level and left shoulder joint effusion and swelling of acromioclavicular joint and inferior bulging of the joint capsule causing pressure effect on the supraspinatus muscle and tendon. Dr. Riaz and Dr. Diwan in their affirmations causally connected these injuries to the accident of June 25, 2002. However, the

defendant has failed to establish that herniated discs were not caused by this accident. Accordingly, defendant's motion for summary judgment must be denied as a matter of law.

Furthermore, a serious and permanent injury does not require proof of a total loss of an organ, member or function, but only evidence, objectively confirmed, that the organ, member or function operates in some limited way or only with persistent pain. Bassett v. Romano, 126 A.D.2d 693, 511 N.Y.S.2d 298 (2nd Dept. 1987.)

In fact, a significant loss of range of motion, confirmed by objective testing, will be a sufficient finding to satisfy the threshold requirement and lead to a denial of defendant's motion. Defendant's motion for summary judgment was denied when plaintiff's evidence was supported by a recent examination, prior examinations, and by objective physical tests. Abedin v. Tynika Motors, 279 A.D.2d 595, 719 N.Y.S.2d 698 (2nd Dept 2001); McVey v. Collins, 262 A.D.2d 462, 692 N.Y.S.2d 126 (2nd Dept 1999.)

In Livai v. Amoroso, 239 A.D.2d 565, 658 N.Y.S.2d 973 (2nd Dept 1997), the court found injuries consisting of a 20% restriction of motion of the cervical spine with cervical radiculopathy sufficient to overcome the no-fault threshold in determining whether the plaintiff sustained a "significant limitation of use of a body function or system."

In Weaver v. Howard, 206 A.D.2d 793, 615 N.Y.S.2d 122 (3d Dept 1994), the defendant's motion for summary judgment was denied when plaintiff's treating physician stated in an affidavit in support of plaintiff's opposition that the plaintiff suffered "significant loss of range of motion." In Toure v. Avis Rent A Car Systems, 98 N.Y.2d 345, 774 N.E.2d 1197, 746 N.Y.S.2d 865 (2002), the Court of Appeals held that despite the lack of a quantitative finding by the plaintiff's doctor, doctor's opinion supported by objective medical evidence, including MRI reports, paired with his observations of muscle spasm during his physical examination of plaintiff was sufficient

to defeat defendant's motion.

The affirmation of plaintiff's treating physician, Dr. Riaz, states that in addition to disc herniations and bulges objective range of motion testing of cervical spine revealed a **23%** overall marked loss of motion in the cervical spine. Furthermore, in addition to lumbar disc herniation, objective range of motion testing of lumbar spine with a **26%** overall marked loss of motion in the lumbosacral spine. Finally, in addition to the left shoulder joint effusion the testing revealed a **29%** overall marked loss of motion in the left shoulder. Dr. Riaz also found these injuries and conditions to be permanent in nature and causally related to the June 25, 2002 collision.

The affirmation of plaintiff's treating orthopedic surgeon, Dr. Diwan, states that in addition to disc herniations and bulges objective range of motion testing of cervical spine revealed a **59%** overall marked loss of motion in the cervical spine. Furthermore, in addition to lumbar disc herniation, objective range of motion testing of lumbar spine with a **47%** overall marked loss of motion in the lumbosacral spine. Finally, in addition to the left shoulder joint effusion the testing revealed a **37%** overall marked loss of motion in the left shoulder. Dr. Diwan also found these injuries and conditions to be permanent in nature and causally related to the June 25, 2002 collision.

In Risbrook v. Coronamos Cab Corp., 244 A.D.2d 397, 664 N.Y.S.2d 75 (2nd Dept 1997), the court held that the plaintiff sustained serious injury where treating doctor's examination revealed a "measurable limitation" of movement of the lumbar spine (defined as flexion and extension at 45%) and where the treating doctor concluded that further improvement was doubtful in view of the length of time that has elapsed since the accident.

Furthermore, in order for the defendant to be entitled to summary judgment, it is the burden of the moving party to show that the plaintiff did not suffer from any "serious injury"

under Insurance Law §5102 (see Healea v. Andriana, 158 A.D.2d 587, 551 N.Y.S.2d 554.)

Moreover, when determining whether a triable issue of fact exists, the allegations of the party opposing summary judgment must be accepted as true. Rizk v. Cohen, 73 N.Y.2d 98, 538 N.Y.S.2d 299 (1989.)

Plaintiff, Ms. Perez at her deposition on June 26, 2006, continued to complain that the injuries prevent her from doing various daily activities.

This proof, submitted in admissible form, is in direct contrast to the views expressed by defendant's medical experts. At best, the defendant's experts' affirmations reflect contrary opinions as to the presence and permanence of the plaintiff's alleged injuries and their causal connection to the collision of June 25, 2002.

### III. CONCLUSION

In the case at bar, there are genuine issues of material fact regarding the extent of plaintiff's injuries, i.e., limitation of left shoulder, cervical and lumbosacral spines' range of motion and the limitation of the use of his body functions and systems.

The Court of Appeals has held that where plaintiff's treating physician asserts a permanent injury and sets forth his findings upon which he expresses his opinion, such evidence is sufficient for the denial of summary judgment to the defendant. Lopez v. Senatore, 65 N.Y.2d 1017, 494 N.Y.S.2d 101 (1985).

Therefore, based upon the record before the Court, it is respectfully submitted that defendant has not established that plaintiff did not sustain a serious injury as a matter of law and has merely raised a triable issue of fact, an issue which, it is respectfully submitted, is for the trier of fact, specifically a jury, and not for this Honorable Court upon motion for summary judgment.

DATED:   Brooklyn, New York
         May 24, 2007

                                          Respectfully submitted,

                                          **BEN LYHOVSKY, ESQ.**
                                          Attorney for Plaintiff
                                          CARMEN PEREZ
                                          2626 East 14th Street, Suite 105
                                          Brooklyn, NY 11235
                                          (718) 743-6900


TO:   **TORINO & BERNSTEIN, PC**
      Attorneys for Defendant
      DANIEL ANTHONY STERLING
      200 Old Country Road
      Mineola, NY 11501

      **JIM BILELLO & ASSOCAITES**
      Attorneys for Defendants
      IDALIA RIOS and ALFONSO NAZARIO
      875 Merrick Avenue
      Westbury, NY 11590

## CERTIFICATE OF SERVICE

    Ben Lyhovsky, an attorney duly admitted to practice before this Court does certify that on this date May 24, 2007, the undersigned did serve upon below counsel, a copy of this document, via postage pre-paid mail.

**TORINO & BERNSTEIN, PC**
200 Old Country Road
Mineola, NY 11501

**JIM BILELLO & ASSOCAITES**
875 Merrick Avenue
Westbury, NY 11590

                                              Ben Lyhovsky, Esq. (BL0079)

**BEN LYHOVSKY, ESQ.**
2626 East 14th Street, Suite 105
Brooklyn, NY 11235
(718) 743-6900

---

Docket No. 06 CV 0873 (BSJ) (GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISCTRICT OF NEW YORK

CARMEN PEREZ,

Plaintiff,

-against-

IDALIA RIOS, ALFONSO NAZARIO, DANIEL ANTHONY STERLING and JOHN DOE, name being used as fictitious since identity of the owner is unknown,

Defendants.

---

**MEMORANDUM OF LAW**

---

BEN LYHOVSKY, ESQ.
*Attorneys for Plaintiff(s)*
*Office and Post Office Address, Telephone*
2626 East 14th Street, Suite 105
Brooklyn, NY 11235
(718) 743-6900

---

To: Torino & Bernstein, PC
James G. Bilello & Associates
Attorney(s) for Defendant(s)

Service of a copy of the within is hereby admitted.

Dated:

_____
Attorney(s) for

---

NOTICE OF ENTRY

Sir:-Please take note that the within is a *(certified)* true copy of Memorandum of Law duly entered in the office of the clerk of the within named court on

Dated:

Yours, etc.,
BEN LYHOVSKY, ESQ.
*Attorneys for Plaintiff(s)*
*Office and Post Office Address*
2626 East 14th Street, Suite 105
Brooklyn, NY 11235

To: Torino & Bernstein, PC
James G. Bilello & Associates
Attorney(s) for Defendant(s)

---

NOTICE OF SETTLEMENT

Sir:-Please take notice that an order of which the within is a true copy will be presented for settlement to the Hon. _____ one of the judges of the within named Court, at _____

on _____

at _____ M.

Dated:                                    19

Yours, etc.,
BEN LYHOVSKY, ESQ.
*Attorneys for Plaintiff(s)*
*Office and Post Office Address*
2626 East 14th Street, Suite 105
Brooklyn, NY 11235

To: Torino & Bernstein, PC
James G. Bilello & Associates
Attorney(s) for Defendant(s)