UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
CARMEN PEREZ,

|  |  |
|---|---|
| Plaintiff, | **CORRESPONDING STATEMENT PURSUANT TO RULE 56.1** |
| -against- | |
| | Docket No.: 06 CV 0873 (BSJ) (GWG) |

IDALIA RIOS, ALFONSO NAZARIO, DANIEL
ANTHONY STERLING and JOHN DOE, name being
used as fictitious since identity of the owner is unknown,

Defendants.

-----------------------------------------------------------------------X

Pursuant to Rule 56.1(b), plaintiff, CARMEN PEREZ, submits the following corresponding statement of fact:

1.      Admitted.

2.      Admitted.

3.      Denied. Plaintiff Carmen Perez was a passenger in a vehicle being operated by Defendant Alfonso Nazario and owned by defendant Idalia Rios. (Exhibit A to motion.)

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.     Admitted.

11.     Admitted.

12.    Admitted.

13.    Admitted.

14.    Admitted to the extent that Dr. Spataro's report was accurately quoted.

15.    Admitted to the extent that Dr. Spataro's report was accurately quoted.

16.    Admitted to the extent that Dr. Spataro's report was accurately quoted.

17.    Admitted to the extent that Dr. Spataro's report was accurately quoted.

18.    Admitted to the extent that Dr. Spataro's report was accurately quoted.

19.    Admitted.

20.    Admitted to the extent that Dr. Bagley's report was accurately quoted.

21.    Admitted to the extent that Dr. Bagley's report was accurately quoted.

22.    Admitted to the extent that Dr. Bagley's report was accurately quoted.

23.    Admitted to the extent that Dr. Bagley's report was accurately quoted.

24.    Admitted to the extent that Dr. Bagley's report was accurately quoted.

25.    Admitted.

26.    Admitted.

27.    Admitted to the extent that Dr. Beinart's report was accurately quoted.

28.    Admitted to the extent that Dr. Beinart's report was accurately quoted.

29.    Admitted to the extent that Dr. Beinart's report was accurately quoted.

30.    Admitted to the extent that Dr. Beinart's report was accurately quoted.

31.    Admitted.

32.    Admitted.

33.    Admitted to the extent that Dr. Beinart's report was accurately quoted.

34.    Admitted to the extent that Dr. Beinart's report was accurately quoted.

35.    Admitted to the extent that Dr. Beinart's report was accurately quoted.

36.    Admitted to the extent that Dr. Beinart's report was accurately quoted.

37.    Admitted.

38.    Admitted.

39.    Admitted to the extent that Dr. Beinart's report was accurately quoted.

40.    Admitted to the extent that Dr. Beinart's report was accurately quoted.

41.    Admitted to the extent that Dr. Beinart's report was accurately quoted.

42.    Denied.

43.    Plaintiff Carmen Perez was re-examined by Dr. Ahmad Riaz on April 18, 2007.
       (Exhibit A to Affidavit in Opposition.)

44.    Dr. Riaz conducted objective range of motion test of plaintiff's left shoulder,
       cervical and lumbar spines. (Exhibit A to Affidavit in Opposition.)

45.    Dr. Riaz found **23%** overall marked loss of motion in the cervical spine together
       with muscle spasms and tenderness. (Exhibit A to Affidavit in Opposition.)

46.    Dr. Riaz found **26%** overall marked loss of motion in the lumbar spine together
       with muscle spasms and tenderness. (Exhibit A to Affidavit in Opposition.)

47.    Dr. Riaz found **26%** overall marked loss of motion in the left shoulder. (Exhibit A
       to Affidavit in Opposition.)

48.    Dr. Riaz concluded that plaintiff's injuries and conditions are permanent in nature
       and causally related to the June 25, 2002 collision. (Exhibit A to Affidavit in
       Opposition.)

49.    Plaintiff Carmen Perez was re-examined by Dr. Laxmidhar Diwan on November
       13, 2006. (Exhibit B to Affidavit in Opposition.)

50.      Dr. Diwan conducted objective range of motion test of plaintiff's left shoulder, cervical and lumbar spines. (Exhibit B to Affidavit in Opposition.)

51.      Dr. Diwan found **59%** overall marked loss of motion in the cervical spine together with muscle spasms and tenderness. (Exhibit B to Affidavit in Opposition.)

52.      Dr. Diwan found **47%** overall marked loss of motion in the lumbar spine together with muscle spasms and tenderness. Straight leg raise test was positive. (Exhibit B to Affidavit in Opposition.)

53.      Dr. Diwan found **37%** overall marked loss of motion in the left shoulder. Impingement sign was positive. (Exhibit B to Affidavit in Opposition.)

54.      Dr. Diwan concluded that plaintiff's injuries and conditions are permanent in nature and causally related to the June 25, 2002 collision. (Exhibit A to Affidavit in Opposition.)

55.      Plaintiff sustained "serious injuries" as defined in Insurance Law §5102.

Dated: Brooklyn, New York
        May 24, 2007

BEN LYHOVSKY

# CERTIFICATE OF SERVICE

Ben Lyhovsky, an attorney duly admitted to practice before this Court does certify that on this date May 24, 2007, the undersigned did serve upon below counsel, a copy of this document, via postage pre-paid mail.

**TORINO & BERNSTEIN, PC**
200 Old Country Road
Mineola, NY 11501

**JIM BILELLO & ASSOCAITES**
875 Merrick Avenue
Westbury, NY 11590

Ben Lyhovsky, Esq. (BL0079)