UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CARMEN PEREZ,

                                      Plaintiff,

-against-

IDALIA RIOS, ALFONSO NAZARIO, DANIEL
ANTHONY STERLING and JOHN DOE, name being
used as fictitious since identity of the owner is unknown,

                                      Defendants.
------------------------------------------------------------------X

**AFFIDAVIT IN OPPOSITION**

Docket No.: 06 CV 0873 (BSJ) (GWG)

BEN LYHOVSKY, being duly sworn, deposes and says:

1. I am an attorney duly admitted to practice before this Court and attorney for plaintiff, CARMEN PEREZ, in the above action and as such I am fully familiar with all of the pleadings and proceedings had in this matter previously.

2. This affidavit is submitted in opposition to defendants' motion for summary judgment to the effect that plaintiff has failed to prove that she sustained "serious injuries" pursuant to Insurance Law §5102. In fact, plaintiff sustained "serious injuries." Plaintiff, CARMEN PEREZ, sustained disc herniations at her cervical and lumbar spines and left shoulder joint effusion resulting in limitation of use and motion.

3. The following documents are annexed as exhibits hereto:

    A:    Affirmation of Dr. Ahmed Riaz dated April 25, 2007 (Annexed hereto as Exhibit "A")

    B:    Medical Report of Dr. Laxmidhar Diwan dated November 13, 2006. (Annexed hereto as Exhibit "B")

    C:    Medical reports dated July 15, 2005 and July 30, 2005 and Affirmation of

Dr. Ayoob Khodadadi dated October 27, 2006 (Annexed hereto as Exhibit "C.")

4.   Following the accident on June 25, 2005, plaintiff Carmen Perez was taken to the emergency room of Albert Einstein Hospital where she was treated and released.

5.   Two days later when pain in the affected areas did not subside Ms. Perez sought medical treatment at Dr. Ahmad Riaz's office, where she was examined and began a conservative physical therapy and chiropractic adjustments. She was periodically examined by Dr. Riaz to determine the progress.

6.   Ms. Perez underwent a course of therapy that lasted for approximately four months. She was discharged when she reached maximum benefit from the therapy.

7.   Dr. Riaz re-examined the plaintiff on April 18, 2007. The affirmation of plaintiff's physician, Dr. Riaz, states that in addition to disc herniation at C6-C7 and bulge at C5-C6 level objective range of motion testing of cervical spine revealed flexion 60 degrees (normal 60), extension 40 degrees (normal 75), lateral rotation 60 degrees (normal 80), lateral bending 40 degrees (normal 45) with a **23%** overall marked loss of motion in the cervical spine. Furthermore, in addition to disc herniations at L3-L4 level and bilateral L5 radiculopathy, objective range of motion testing of lumbar spine revealed flexion 70 degrees (normal 90), extension 20 degrees (normal 30), lateral bending measured at 30 degrees (normal 40) and lateral rotation 20 degrees (normal 30) with a **26%** overall marked loss of motion in the lumbosacral spine. Moreover, the left shoulder testing revealed flexion at 120 (normal 170) and abduction at 120 degrees (normal 170) with a **29%** overall marked loss of motion in the left shoulder. Dr. Riaz also found muscle spasm and tenderness in the afore-mentioned areas. Dr. Riaz concluded that these injuries and conditions to be permanent in nature and causally related to the June 25, 2002 collision.

8. MRI of the cervical spine performed on July 15, 2002 and MRIs of the left shoulder and lumbar spines performed on July 30, 2002 and read by Dr. Khodadadi revealed that Ms. Perez suffers from moderate size herniated disc at C6-C7 level with compromise of the anterior subarachnoid space and ventral bulge at C5-C6, left shoulder joint effusion and swelling of acromioclavicular joint and inferior bulging of the joint capsule causing pressure effect on the supraspinatus muscle and tendon and lumbar spine moderated size central disc herniation at L3-L4 level with posterior displacement of the thecal sac.

9. Dr. Diwan, who first examined plaintiff on September 23, 2002 due to her persistent shoulder pain, recommended Diagnostic and Operative Arthroscopy of the left shoulder. Plaintiff did not want to undergo the same at that time.

10. Dr. Diwan re-examined the plaintiff on November 13, 2006. The objective range of motion testing performed by Dr. Diwan of cervical spine revealed flexion 30 degrees (normal 60), extension 20 degrees (normal 50), lateral rotation 30 degrees (normal 80), lateral flexion 15 degrees (normal 40) with a **59%** overall marked loss of motion in the cervical spine. Furthermore, objective range of motion testing of lumbar spine revealed flexion 30 degrees (normal 55), extension 20 degrees (normal 35), lateral flexion measured at 15 degrees (normal 30) and lateral rotation 15 degrees (normal 30) with a **47%** overall marked loss of motion in the lumbosacral spine. Straight leg raise test was positive. Dr. Diwan observed muscle spasms and tenderness in both cervical and lumbar spines. Moreover, the left shoulder testing revealed flexion at 110 (normal 170) and abduction at 110 degrees (normal 180) with a **37%** overall marked loss of motion in the left shoulder. Impingement sign was positive. Dr. Diwan concluded that these injuries and conditions to be permanent in nature and causally related to the June 25, 2002 collision.

11. Plaintiff, Carmen Perez, was never involved in any prior or subsequent accidents. She never complained to any health care provider of any pain in her left shoulder, neck and lower back. See Pages 26 and 41 of plaintiff's examination before trial transcript annexed to defendant's motion as Exhibit "D."

12. Plaintiff, Ms. Perez at her deposition on June 26, 2006, continued to complain that the injuries prevent her from running, walking and going up and down the stairs. See Page 27 of plaintiff's examination before trial transcript annexed to defendant's motion as Exhibit "D."

13. Clearly, Dr. Riaz's, Dr. Diwan's and Dr. Khodadadi's reports and affirmations and plaintiff's testimony are sufficient to raise factual issues for trial in terms of severity of the injuries alleged.

**WHEREFORE**, plaintiff respectfully requests that the motion be denied, together with such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
May 24, 2007

BEN LYHOVSKY

Sworn to before me this
24th Day of May, 2007

NOTARY PUBLIC

JOSEPH KATZ
NOTARY PUBLIC, State of New York
No. 02KA6028467
Qualified in Queens County
Commission Expires August 02, 20__

## CERTIFICATE OF SERVICE

      Ben Lyhovsky, an attorney duly admitted to practice before this Court does certify that on this date May 24, 2007, the undersigned did serve upon below counsel, a copy of this document, via postage pre-paid mail.

**TORINO & BERNSTEIN, PC**
200 Old Country Road
Mineola, NY 11501

**JIM BILELLO & ASSOCAITES**
875 Merrick Avenue
Westbury, NY 11590

Ben Lyhovsky, Esq. (BL0079)